IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ERIN KATHLEEN LEMON,<br><br>*Plaintiff,*<br><br>v.<br><br>IOWA STATE PATROL, TROOPER PAUL NOWAK (Individually and in his official capacity), and TROOPER CODY KAMMEYER (Individually and in his official capacity),<br><br>*Defendants.* | Case No:<br><br>COMPLAINT AND JURY DEMAND |

COMES NOW, Plaintiff, by and through undersigned counsel, Nathan A. Mundy, hereby petition the Court for relief, and in support thereof hereby state the following:

**STATEMENT OF THE CASE**

This is a civil rights action in which the Plaintiff, Erin Kathleen Lemon (hereinafter "Lemon"), seeks relief for the Defendants' violations of her rights guaranteed by the United States Constitution, specifically the Fourth Amendment, which right is further secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988, and by the laws and the Constitution of the State of Iowa. Lemon seeks damages, both compensatory and punitive damages; affirmative relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable. This is further an action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privileges, and immunities secured to

Plaintiff by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, and under Article I §8 of the Constitution of the State of Iowa.

One of the cornerstones of our constitutional democracy is the right of citizens to be free from the unreasonable and unwarranted violation of our constitutional rights whether in the course of making a lawful arrest or those officers who take exception when a citizen asserts their constitutional rights.

In addition, Plaintiff Lemon has the right to expect that law enforcement officers not intentionally and so egregiously violate her constitutional rights by arresting her without probable cause, to use appropriate force when conducting an arrest, and not drag her down a dark, cement, staircase while in handcuffs.

**PARTIES**

1. Plaintiff Erin Kathleen Lemon has been a resident of Polk County, Iowa at the address of 10598 NW 72nd Ln., Johnston, IA 50131.
2. Defendant Trooper Paul Nowak (hereinafter "Defendant Nowak") was at all times relevant to this Verified Complaint a law enforcement officer employed by the Iowa State Patrol. In his capacity as a law enforcement officer for the Iowa State Patrol, Defendant Nowak had a legal obligation to act in conformity with the Constitution of the United States of the Constitution of the state of Iowa and the applicable federal and state laws. Defendant Nowak is sued in his individual capacity and at all times relevant to this Verified Complaint was acting within the scope and course of his job duties pursuant to his employment with the Iowa

State Patrol. At all times relevant to this Verified Petition Defendant Dunn was acting under the color of laws of the State of Iowa.

3. Defendant Trooper Cody Kammeyer (hereinafter "Defendant Kammeyer") was at all times relevant to this Verified Complaint a law enforcement officer employed by Iowa State Patrol. In his capacity as a law enforcement officer for the Iowa State Patrol, Defendant Kammeyer had a legal obligation to act in conformity with the Constitution of the United States of the Constitution of the state of Iowa and the applicable federal and state laws. Defendant Kammeyer is sued in his individual capacity and at all times relevant to this Verified Complaint was acting within the scope and course of his job duties pursuant to his employment with the Iowa State Patrol. At all times relevant to this Verified Petition Defendant Kinnaman was acting under the color of laws of the State of Iowa.

## JURISDICTION and VENUE

4. This Court has jurisdiction over the Subject Matter of this complaint pursuant to the fourth and fourteenth amendments to the United States Constitution and under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights) and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare rights of the parties and grant all further relief found necessary and proper.
5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391 and 1402(b) as the events described in this Verified Petition occurred in this District.

6. No other petitions seeking the same relief or part thereof has previously been presented to and refused by any court or justice.

**FACTS**

7. On August 20th, 2017, Lemon attended the Iowa State Fair concert for performance artist Kid Rock and the Grandstand of the fairgrounds.
8. Lemon had a ticket and was assigned the seat of "Upper KL, Row: 30, Seat 14".
9. Lemon was accompanied by Ross Anderson to the concert, who had a ticket for one of the seats next to Lemon.
10. As is common with concerts, there was a performer commonly referred to as an "opener" that performed before Kid Rock.
11. Lemon and Anderson were present in their seats during the entire opener's performance.
12. In the break between the opener and Kid Rock's performance, Lemon and Anderson went to use the bathroom.
13. Upon returning to their assigned seats, they discovered two women had taken their seats.
14. Because of these two women in their seats, a dispute occurred between Lemon, Anderson, and the two women.
15. The two women were belligerent to Lemon and Anderson, to the point where one of them spit in Anderson's face.
16. Another unidentified concertgoer went to grab law enforcement to assist Lemon and Anderson regain possession of their purchased seats.

17. After the concertgoer went to alert law enforcement, and before Defendants Nowak and Kammeyer responded, the two women had moved into other seats in front of the seats assigned to Lemon and Anderson.

18. Upon Defendants Nowak and Kammeyer's arrival, Lemon and Anderson were in their assigned, purchased seats.

19. When Defendants Nowak and Kammeyer arrived, Lemon informed the troopers that the situation had been resolved and their assistance was no longer needed.

20. For unknown reasons and without justification, Defendant Nowak climbed over two rows of seats to assault Lemon by grabbing her by the arm and flipping her into the row of seats he had climbed over.

21. Defendant Nowak, during his assault flipped Lemon upside down, slammed her head and thigh into the metal grandstand chairs, and said to her "You're going down, you're going down."

22. After he flipped Lemon over the seats, causing bruising and injuries, Defendant Nowak excessively jerked and bent Lemon's arms behind her back, and placed her in handcuffs.

23. After Lemon was handcuffed, Defendants Nowak and Kammeyer dragged Lemon, handcuffed, down several flights of concrete stairs.

24. Defendants Nowak and Kammeyer, flipped Lemon over and her cell phone fell out of her pocket. This flip caused her sandals to fall off. Lemon was then dragged by the handcuffs, barefoot, backwards by the officers out of the grandstand. Imagine a person at an airport holding on to the handle of a rolling suitcase,

dragging the suitcase behind them. Lemon was dragged in similar fashion, with the Defendants holding onto the handcuffs behind Lemon's back as the handle and Lemon dragged, backwards and shoeless, behind the officers.

25. Because of this base and depraved dragging, Lemon fell numerous times and into several objects including but not limited to, stairway railings, concrete steps, and other hard objects. The Defendants dragged her, holding her hands behind her back, with the knowledge that she could not use her arms or hands to protect herself from running into.

26. Defendants Nowak and Kammeyer took Lemon to the Public Safety Compound on the fairgrounds.

27. Defendants Nowak and Kammeyer eventually charged Lemon with Interference with Official Acts under IA Code § 719.1(1)(B) and Public Intoxication under IA Code § 123.46(2).

28. When Defendant Nowak handcuffed Lemon in the grandstand, Nowak did not have probable cause to believe Lemon had knowingly resisted or obstructed him in the performance his official lawful duty or authority. Lemon had assisted him with his performance in resolving the seating dispute.

29. When Defendant Nowak handcuffed Lemon in the grandstand, he did not have probable cause to believe she had been intoxicated.

30. Those charges were dismissed on December 28th, 2017.

## CAUSES OF ACTION

## COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT COGNIZABLE UNDER 42 U.S.C. § 1983

31. Plaintiff incorporates by reference the above allegations.

32. The proper focus in determining the reasonableness of force used is on the events immediately confronting an officer when he decides to use force. Force is only permitted when a suspect is fleeing, violent, or dangerous and/or resisting arrest. When force is justified, only that amount of force which is necessary to accomplish a legitimate police objective is permitted. No force is reasonable when a suspect is not resisting, is non-violent, and poses no threat. Furthermore, force is not permitted at all when there is no need to use force.

33. Defendants Nowak and Kammeyer used excessive force on Lemon when they unnecessarily placed her in handcuffs, then violently dragged her backwards and shoeless over concrete stairs, railings, and other objects without cause.

34. These actions caused Lemon to be injured.

35. There were no exigent circumstances or any other need for Defendants Nowak and Kammeyer to violently drag Lemon out of the fairground stands, causing injury.

36. The violation of Lemon's rights are actionable under 42 U.S.C. § 1983, and Lemon is entitled to judgment against Defendants in an amount to be proved at trial, plus costs and attorney fees pursuant to 42 U.S.C. § 1988.

37. Lemon is entitled to punitive damages against Defendants Nowak and Kammeyer, as allowed by law, since Defendant's actions were intentional, wanton, malicious, and oppressive.

**COUNT II – UNLAWFUL SEIZURE, DETENTION, AND ARREST, COGNIZABLE UNDER 42 USC § 1983**

38. Plaintiffs incorporate by reference all above allegations.

39. The initial arrest and seizure by Defendants Nowak and Kammeyer was unlawful because Lemon had done nothing wrong. Additionally, to detain a suspect, an officer must have reasonable suspicion based on specific and articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the person detained is engaged in criminal activity. The detention, search, and seizure of Lemon was conducted wholly without reasonable suspicion or probable cause, and were therefore unlawful and violative of Lemon's rights.

40. As a direct and proximate result of the above-referenced unreasonable, unlawful, and malicious detention, seizure, and search by Defendants, committed under color of law and under their authority as Iowa State Patrol Troopers, Lemon suffered pain and bodily harm.

41. As a direct and proximate result of the above-referenced unreasonable, unlawful, and malicious detention, seizure, and search by Defendants, Lemon was deprived of her right to be secure in her person. She was also deprived of her rights to be free from unreasonable seizure of her person, and her rights to be free from an

unreasonable search, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

42. Defendants acted under the color and pretense of Iowa State Law.

43. Defendants knew that their actions violated the Plaintiff's rights to be free from an unlawful search and seizure, but proceeded to violate her rights anyway. The illegality of Defendants' actions were well established at the time they committed them.

44. As a direct and proximate result of the unwarranted, malicious, and outrageous conduct of Defendants, as set forth above, Lemon suffered and continues to suffer embarrassment, humiliation, pain, and suffering due to the gross indignities perpetrated by Defendants during this incredibly unjust arrest and use of authority.

45. The above-described violations of Plaintiff's rights are actionable under 42 U.S.C. § 1983, and Plaintiff is entitled to judgment against the Defendants, jointly and severally, under that section for damages in an amount to be proven at trial.

46. Plaintiff is entitled to attorney fees and costs against the Defendants, jointly and severally, under 42 U.S.C. § 1988. Further, the acts of Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**COUNT III – EXCESSIVE FORCE AND UNREASONABLE SEIZURE COGNIZABLE UNDER ARTICLE 1 § 8 OF THE IOWA CONSTITUTION**

47. Plaintiffs incorporate by reference all above allegations.

48. The arrest effected by Defendants Nowak and Kammeyer was improper because Lemon had done nothing wrong. The arrest violated Article I, §8 of the Iowa Constitution, which protects Lemon against "unreasonable . . . seizures."

49. Defendants Nowak and Kammeyer used excessive force in effecting the arrest in that they tackled, flipped, needlessly handcuffed, dragged, injured, and otherwise roughed up Lemon, who was not dangerous, resisting, attempting to flee, or otherwise violent or posing a threat to anyone, including herself. This conduct by the Defendants violated Lemon's rights under Article I, §8 of the Iowa Constitution.

50. Defendants Nowak and Kammeyer detained Lemon without cause and otherwise improperly. This unwarranted detention and arrest constituted an unlawful and unreasonable seizure in violation of Article I, §8 of the Iowa Constitution.

51. The violation of State Constitutional rights is also actionable under 42 U.S.C. §1983, and Lemon is entitled to judgment against Defendants in an amount to be proved at trial, plus costs and attorneys' fees under 42 U.S.C. §1988.

52. Lemon is entitled to punitive damages against Defendants Nowak and Kammeyer, as allowed by law, since Defendant's actions were intentional, wanton, malicious, and oppressive.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A. For the Court to declare that Defendants' conduct in the wrongful arrest and in the application of excessive force in the arrest of Lemon to be in violation of her Fourth Amendment Rights under the US Constitution.

B. For general compensatory damages;

C. For exemplary and punitive damages to the extent permitted by law;

D. For the Court to order pre and post-judgment interest to the extent permitted by law;

E. For the Court to order attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

F. For the Court to order taxable costs;

G. For the Court to order any such further relief as the Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

MUNDY LAW OFFICE, PC

NATHAN A. MUNDY (AT0009065)
317 6th Ave., Suite 1300
Des Moines IA 50309-1770
Telephone: 515-288-1552
E-mail: nathan@mundylawdsm.com
ATTORNEY FOR PLAINTIFF

STATE OF IOWA )
) ss.
COUNTY OF POLK )

VERIFICATION

I, ERIN KATHLEEN LEMON, being duly sworn upon oath, indo depose and state that I am the PETITIONER in this matter, and that have I have read the foregoing Application, and state that the statements and allegations therein are true and correct as I verily believe.

8-19-19

Erin Lemon

ERIN KATHLEEN LEMON

Subscribed and sworn to before me, or acknowledged to me, by ERIN KATHLEEN LEMON on this 19th day of 8, 2019.

Linda Chapman

NOTARY IN AND FOR THE STATE OF IOWA

8/4/2019